**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : : : | |
| *Plaintiff*, | : : | CIVIL ACTION NO. 2:21-cv-00096 |
| v. | : : | |
| LOCAL 98, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | : : : : | Hon. Gerald Austin McHugh |
| *Defendant*. | : : : | |

## REPLY BY DEFENDANT TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PORTIONS OF AMENDED COMPLAINT

Dated: August 18, 2021

**LAMB MCERLANE, PC**
Joseph R. Podraza, Jr., Esquire
jpodraza@lambmcerlane.com
William H. Trask, Esquire
wtrask@lambmcerlane.com
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 609-3170 (direct)
(610) 430-8000 (main)

*And*

**CLEARY, JOSEM & TRIGIANI, LLP**
William T. Josem, Esquire
wtjosem@cjtlaw.org
325 Chestnut Street, Suite 200
Philadelphia, PA  19106
(215) 735-9099

*Counsel for Defendant, Local 98, International Brotherhood of Electrical Workers*

# INTRODUCTION

The Secretary contends "Local 98 misconstrues the Court's rulings in the case to date and confounds the rules of pleading with the rules of discovery and evidence." (Resp. in Opp.to MTD, Dkt. No. 22, at 2).   However, nothing in the Secretary's opposition papers to the Defendant's motion to dismiss discredits the Defendant's entitlement to the relief sought therein.   This Reply further illustrates the Defendant's entitlement to the dismissal of all claims by the Secretary related to Coppinger and the striking of the five (5) statements (affidavits) appended to the amended pleading, Exhibits "5," "6," "7," "9," and "10," pursuant to Fed.R.Civ. P. 10(c) and 12.   At the outset, the Defendant submits the Court should award the relief requested by the Defendant in its Rule 12 papers for the reasons stated therein, and these additional reasons discussed below.

# ARGUMENT

## I.      The Claims Based on Coppinger Should be Dismissed.

The Court already properly ruled Battle's protest letter failed to sufficiently preserve the claims based on Coppinger in the Secretary's pleading.   (Op., Dkt. No. 11, at 15-16).   The Secretary's amended pleading fails to raise any basis for reversing or modifying the Court's correct ruling on Coppinger, as discussed at pp. 13-16 of Defendant's Rule 12 motion.   (MTD, Dkt. No. 21).

Additionally, any claim by the Secretary based on Coppinger should be deemed waived due to Coppinger's refusal to participate in the IVP's investigation.   But, what the Defendant did not know until it was just recently disclosed by the Secretary's counsel is that Coppinger also failed to participate in DOL's later investigation.   He provided no statement to DOL, and, therefore, the "circumstances" involving Coppinger are solely based on self-serving, inadmissible hearsay representations in the statements by Battle, McConnell, and Borthwick appended to the

Secretary's Amended Complaint, statements which this Court may not properly consider at this juncture and should be stricken from the pleading, as discussed below.  Counsel for the Secretary confirmed the nonexistence of a DOL statement by Coppinger by email dated August 6, 2021, a copy of which is attached hereto as Exhibit "M."

Coppinger's refusal to participate in the IVP _and_ DOL investigations plainly have denied the Union of the ability to investigate and redress any claims associated with Coppinger, in violation of binding United States Supreme Court precedent.  Indeed, at this juncture, given Coppinger's total lack of involvement both investigations, it is not clear any claim not otherwise fabricated to bolster others' positions even exists, exhausted or not.  Coppinger's unwillingness to even participate, coupled with Battle's plain failure to preserve any claims associated with Coppinger in Battle's own protest letter (despite their allegedly being close associates), means the Coppinger claims have not been properly preserved and the Secretary is now barred from pursuing these claims. This Court should reaffirm that all Coppinger-related claims are barred from the Amended Complaint, and strike those paragraphs which relate to Coppinger, ¶¶ 61-66, 81, 99-105 of the amended complaint, under Fed.R.Civ. P. 12(b)(f) on immaterial, impertinent, and/or scandalous grounds.

## II.     The Statements (Affidavits) Appended to the Amended Complaint as Exhibits "5," "6," "7," "9," and "10" Cannot be Considered by the Court and Should be Stricken.

The Secretary's opposition to Defendant's motions to dismiss and/or strike relies on references (citations) to statements attached to the amended pleading as Exhibits "5," "6," "7," "9," and "10".  E.g., Resp. in Opp.to MTD, Dkt. No. 22, at 8 of 32 (citing to the appended statements to rebut claims of "fabrication," etc.).   But the statements are not part of the amended pleading and cannot be relied on, or cited to, by the Secretary in opposing Defendant's Rule 12

motions.  Instead, these statements (affidavits) should be ignored and stricken by this Court from the amended pleading.

The statements (affidavits) in question appended to the Amended Complaint are not "written instrument[s]" that may be deemed part of the pleading pursuant to Fed.R.Civ.P. 10(c). *See Smith v. Hogan*, 794 F.3d 249, 254-55 (2d Cir. 2015); *Rose v. Bartle*, 871 F.2d 331, 339 n. 3 (3d Cir. 1989).  As a result, this Court should not consider the statements to be part of the Amended Complaint, and each statement should be stricken from the pleading.  *Accord id*.  Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  But, statements, like those appended to the pleading in question, are not "written instrument[s]" because they are not a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.  The Second Circuit in *Hogan* and the Third Circuit in *Rose* agree that statements/affidavits, as here, do not fall within the boundaries of Rule 10(c).

In *Rose*, the Third Circuit held that affidavits are not written instruments, explaining that "the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other writing[s] on which [a party's] action or defense is based."  871 F.2d at 339 n. 3 (internal quotation marks omitted).  The Second Circuit later followed the Third Circuit, explaining:

> We find the Third Circuit's holding to be more persuasive and align ourselves with that holding because it is consistent with the general understanding of what a legal or a written instrument is, *i.e.,* a 'legal document that defines rights, duties, entitlement, or liabilities, such as a statute, contract, will, promissory note, or share certificate[,] Black's Law Dictionary (10th ed. 2014).  The affidavit proffered by Smith, a personal, narrative summary of his experience working in the cafeteria and of the events that occurred on the day he was discharged, bears no resemblance to instruments such as contracts, registration statements, deeds or indentures.  It is not a document that evidences legal rights or duties or sets forth the legal basis for his claims and therefore does not satisfy the definition of 'written instruments.'

794 F.3d at 254.

Like the affidavits in question in *Rose* and *Hogan*, the statements (affidavits) appended to the Secretary's Amended Complaint are merely writings by some unknown person that post-date the June 9, 2020 nomination proceeding and IVP investigation, and should not be a part of the Secretary's amended pleading. Said another way, the statements in question have no independent legal significance to the Secretary's claims. Further, these statements are buried within the 90 pages of exhibits accompanying the Amended Complaint and are untrustworthy since they are replete with inadmissible hearsay representations authored by some person(s) other than the affiants. These statements should not be treated as part of the Amended Complaint, should be given no consideration at this juncture, and should be stricken by this Court per the *Rose* and *Hogan* decisions. And in any event, as discussed in Defendant's Rule 12 papers and this Court's prior opinion, the Secretary's action is predicated on and limited to the issues fairly discernable from Battle's internal protest letter to IVP. Therefore, statements prepared by DOL and signed without Defendant's knowledge by members after the fact to generate support for the Secretary's subsequent civil action have no bearing on the exhaustion issues which are the subject of the Defendant's motion to dismiss and the Court's prior ruling.

In summary, the statements appended to the Amended Complaint should not be considered by this Court in deciding the Defendants' pending Rule 12 motion. Further, the statements lack sufficient *indicia* of reliability to be given any consideration, as explained in the Defendant's initial moving papers at pp. 7-11, and are appended in noncompliance with the governing federal rules of civil procedure. Consequently, Exhibits "5," "6," "7," "9," and "10" also should be stricken from the Amended Complaint.

## CONCLUSION

The Secretary's claim in his Amended Complaint against Defendant Local 98, International Brotherhood of Electrical Workers, impermissibly exceeds the scope of the member's original protest and thereby defies federal statutory authority and the United States Supreme Court's precedents in these matters.  These claims in the amended pleading cannot be salvaged by appending statements (affidavits) to the pleading under binding Circuit Court precedent. Nothing in the opposition papers filed by the Secretary to the Defendant's Rule 12 papers requires a result other than the granting of the relief the Defendant requests.

Defendant respectfully submits that the time is again at hand to end the Secretary's sensationalizing of the claim against Local 98, and its debilitating and harmful impact on the good reputations of union members.  For the reasons in Local 98's principal brief, and those included in this reply, it is respectfully submitted that the motion to dismiss by Local 98 should be granted and the relief therein requested granted to Local 98.

Respectfully submitted:

**LAMB MCERLANE, PC**

Dated: August 18, 2021           By: */s/ Joseph R. Podraza, Jr.*
                                  Joseph R. Podraza, Jr., Esquire
                                  jpodraza@lambmcerlane.com
                                  William H. Trask, Esquire
                                  wtrask@lambmcerlane.com
                                  One South Broad Street, Suite 1500
                                  Philadelphia, PA 19107
                                  (215) 609-3170 (direct)
                                  (610) 430-8000 (main)

                                  *And*

**CLEARY, JOSEM & TRIGIANI, LLP**

William T. Josem, Esquire
wtjosem@cjtlaw.org
325 Chestnut Street, Suite 200
Philadelphia, PA  19106
(215) 735-9099

*Counsel for Defendant, Local 98, International Brotherhood of Electrical Workers*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | : | |
| | : | |
| *Plaintiff,* | : | CIVIL ACTION NO. |
| | : | 2:21-cv-00096 |
| v. | : | |
| | : | |
| LOCAL 98, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | : | Hon. Gerald Austin McHugh |
| | : | |
| *Defendant.* | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that in this case a complete copy of the foregoing document was served upon the following counsel through the Court's electronic notification system:

Lauren E. DeBruicker, Esquire
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Ste 1250
Philadelphia, PA 19106
Lauren.debruicker@usdoj.gov

*Attorney for Plaintiff*

Dated: August 18, 2021            **LAMB McERLANE PC**

By: */s/ Joseph R. Podraza, Jr.*
Joseph R. Podraza, Jr., Esq. (PA 53612)
*jpodraza@lambmcerlane.com*
One South Broad Street, Suite 1500
Philadelphia, PA 19107
(215) 609-3170 (Direct)
(610) 430-8000 (Main

# EXHIBIT "M"

**Joseph Podraza**

| | |
|---|---|
| **From:** | DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov> |
| **Sent:** | Friday, August 6, 2021 2:42 PM |
| **To:** | Joseph Podraza |
| **Cc:** | William Trask |
| **Subject:** | RE: Secretary/Local 98 |

Thanks. We do not have a statement by Coppinger. (I will confirm in a more formal response to your discovery letter in the next few days).

- Lauren

**From:** Joseph Podraza <jpodraza@lambmcerlane.com>
**Sent:** Friday, August 6, 2021 2:37 PM
**To:** DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
**Cc:** William Trask <wtrask@lambmcerlane.com>; Joseph Podraza <jpodraza@lambmcerlane.com>
**Subject:** Re: Secretary/Local 98

Thanks.  No luck with Coppinger despite repeated attempts. Do you folks have a statement to DOL by Coppinger?  Joe

Sent from my iPhone

> On Aug 6, 2021, at 2:29 PM, DeBruicker, Lauren (USAPAE) <Lauren.DeBruicker@usdoj.gov> wrote:
>
> Thanks, Joe. I will be attending; Anna Laura Bennett from DOL will participate by phone. Any updates on Coppinger?
>
> Lauren DeBruicker
> 215.764.2231 (M) | Lauren.DeBruicker@usdoj.gov
>
>
> **From:** Joseph Podraza <jpodraza@lambmcerlane.com>
> **Sent:** Friday, August 6, 2021 12:02 PM
> **To:** DeBruicker, Lauren (USAPAE) <LDeBruicker@usa.doj.gov>
> **Cc:** Joseph Podraza <jpodraza@lambmcerlane.com>; William Trask <wtrask@lambmcerlane.com>
> **Subject:** Secretary/Local 98
>
> Lauren:
>
> Could you let me know who will be attending the upcoming depositions for the Plaintiff so I may notify security?  Thanks and have a nice weekend.  Joe
>
>
> This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Individual(s) named above. If you are not the intended recipient of this e-mail, or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination

1