IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARTIN J. WALSH, Secretary of Labor** : | |
| **United States Department of Labor,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 21-0096** |
| : | |
| **LOCAL 98, INTERNATIONAL** : | |
| **BROTHERHOOD OF ELECTRICAL** : | |
| **WORKERS** : | |

## ORDER

This 24th day of August, 2021, for the reasons that follow, the motion to dismiss or strike filed by Defendant, ECF 21, is **DENIED**.

As to the portion of the motion seeking dismissal, the Secretary's amended complaint now sets forth sufficient allegations and evidence demonstrating it is plausible that the Union, having received member Battle's internal protest letter and accompanying attachments, had a fair opportunity to consider the violations of the LMRDA alleged—including those relating to Mr. Coppinger and those relating to tactics purportedly used on-site at the June 9, 2020 nomination event. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("[C]ourts generally consider . . . the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"). Furthermore, the Secretary has set forth sufficient allegations demonstrating it is at least plausible that such conduct "may have affected the outcome" of the June 2020 election. 29 U.S.C. § 482(c)(2). Nothing more is required as this stage, as the merits of the case are not ripe for resolution. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (observing that a complaint "need only set forth sufficient facts to support plausible claims").

As to the portion of the motion seeking to strike, Defendant seeks to exclude evidence attached to the amended complaint under Civil Rule 12(f) as "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. But there is "general judicial agreement" that such motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." 5C Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, Federal Practice and Procedure § 1382 (3d. ed. 2021)). The evidence that the Union seeks to strike—including a letter written by Battle to the DOL prior to the June 2020 election, as well as statements taken from union members by the DOL during its post-election investigation—does not fall within the exceedingly narrow scope of Rule 12(f).

    /s/ Gerald Austin McHugh
United States District Judge