

ATTORNEYS AT LAW

Joseph R. Podraza, Jr., Esquire
Philadelphia Office
Phone: 215-609-3170
Email: jpodraza@lambmcerlane.com

December 3, 2021

**VIA EMAIL**
The Hon. Gerald A. McHugh
U.S. District Court for the Eastern District of Pennsylvania
9613 James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*Re: Walsh v. Local 98, docket no 21-96*

Dear Judge McHugh:

On today's call, Your Honor inquired about the status of discovery. I have since pulled the file and reviewed the letter dated October 26, 2021 to which counsel for the government referred during our call. I've attached a copy of that letter for the court's convenience. We believe it is important that the Court have an accurate understanding of the communications between counsel about discovery.

By way of context, the October 26 letter was submitted as a follow-up to an earlier telephone conference between counsel conducted on October 20, 2021. The October 20 call was requested on October 14, 2021 by counsel for the government after she received notice on October 11 of Local 98's proposed Rule 11 motion. During the October 20, 2021 call, counsel discussed open discovery, the parties' respective deficiency letters, and what impact the proposed Rule 11 motion might have on these issues. We also discussed whether the Secretary planned to oppose all, none, or part of the proposed Rule 11 motion, recognizing that the Secretary's decision inevitably would impact what issues remained in the case, and by extension, the scope and/or necessity of further discovery and the need to litigate the respective discovery deficiencies identified by the parties.

During the October 20 call, counsel for the government advised she would have to "go up a lot of ladders on a motion like that," but that she would be in a position to advise of the Secretary's position regarding the motion by November 5, 2021. On the same call, Local 98's counsel agreed to submit a response to the Secretary's October 6 and October 8 letters, which response is the October 26 letter attached hereto.

    Local 98's position, articulated in the letter dated October 26, was that counsel for the parties should reconvene in person to discuss discovery once the Secretary made known his position regarding the proposed Rule 11 motion. In lieu of sharing his position on November 5 regarding the proposed Rule 11 motion, the Secretary moved on November 4 for partial summary judgment.

    As explained during our conference, under the circumstances, Local 98 understood the Secretary's filing for partial summary judgment to mean no further discovery was necessary. The issue of discovery was never later raised until today.

    We thank Your Honor for consideration of this letter.

                                                       Respectfully,

                                                       Joseph R. Podraza, Jr.

Encl.

Cc: Lauren DeBruicker (via email and ECF)

# LAMB | McERLANE PC
## ATTORNEYS AT LAW

October 26, 2021

**VIA EMAIL LAUREN.DEBRUICKER@USDOJ.GOV**

Lauren DeBruicker, Esquire
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:   *Secretary Walsh v. Local 98, IBEW*, CA No. 21-CV-96, ED, PA

Dear Ms. DeBruicker:

As we agreed in our recent telephone conference, this letter responds to your letters dated October 6, 2021 and October 8, 2021. Initially, we do believe a response to both letters is premature given the pendency of the Rule 11 challenge, the resolution of which should have a material impact on discovery in this case. Furthermore, we submit that a face-to-face meeting to discuss discovery after the Rule 11 issue is resolved would be more productive than exchanging discovery letters. In anticipation thereof, should such a meeting remain necessary upon resolution of the aforesaid challenge, we share several observations with the hope that some of these issues might yet be resolved.

### A. SECRETARY'S OCTOBER 8TH LETTER.

We appreciate the Secretary's willingness to reconsider his position on some of the discovery issues raised in our September 28, 2021 letter, including his agreement to produce some of the responsive documents we requested. However, we are still unable to discern how the deliberative and investigatory files privileges apply to any of the documents identified under section C of our September 28th letter. Indeed, your letter of October 8th fails to explain how these privileges are applicable despite our request for such clarification and despite that the burden of establishing the existence of any privilege rests always on the party who asserts it. Further, your October 8th letter fails to advise whether any of the identified documents contain factual information, information which cannot be subject to either privilege. Finally, the October 8th letter fails to explain the nature of any pending investigation by DOL to justify the invocation of the investigatory files privilege.

Similarly, the October 8th letter ignores addressing or explaining what investigation supports the invocation of the investigatory file privilege over each of the documents identified under Section D of our September 28th letter. Further, the October 8th letter fails to acknowledge if any of the identified documents include facts which are not subject to the asserted privilege, even if found to apply. We are entitled, under even the narrowest view of the privilege, to discover the facts. Finally, the October 8th letter fails to address why your reference to the Draft Report of Interview of J. Kerr during your questioning of Brother Battle at his deposition does not constitute a waiver of any privilege asserted over that Report. That document must be made

available to us. The Secretary cannot use the contents of a document as a sword during deposition questioning and later shield the document from discovery through the invocation of some privilege.

As noted above, the burden to establish the applicability of the asserted privileges rests with the Secretary. We suggest to you that the October 8th letter fails to provide information sufficient to satisfy Local 98 that the Secretary can meet his burden.

**B. Secretary's October 6th Letter.**

Frankly, we are unable to follow exactly what the Secretary's criticisms are regarding the Union's objections/responses to the voluminous interrogatories and requests propounded by the Secretary. This is especially difficult given the lack of particularity in the Secretary's objections, opting instead to share broad legal principals without specific reference to the content of each the responses identified. By way of illustration, Interrogatory No. 1 asks the Union to delineate all current Leaders since 1990, etc. The discovery is obviously overly broad. But as problematic is the fact that DOL maintains a website on which the names and positions of the Union "Leaders" are specifically provided. Said another way, the responses to the interrogatory are more easily accessible to and obtained by the Secretary than the Union. It would be an epic waste of time and money for the Union to replicate that information which exists at the Secretary's fingertips. Likewise, the Secretary's discovery focuses on communications between Brother Battle and other Union representatives. But you already possess the response based on the two (2) days of Brother Battle's deposition. Moreover, the Secretary's October 6th letter only broadly criticizes Local 98's various objections without discussing why, in the Secretary's view, any of these objections are improper in the particular context of a specific request or interrogatory such as in the foregoing example.

Given the volume of the requests and potential complexity of the particularized objections, we suggest meeting in person once the Rule 11 issue is resolved—once we know what, if any, issues remain in this litigation—to discuss what of the requested information not already in the Secretary's possession remains relevant in this case. We suggest this approach will yield a more economic and efficient means of addressing and resolving the genuine discovery disputes that may still exist.

Please do not hesitate to contact me if you have any questions.

Very truly yours,

JOSEPH R. PODRAZA, JR.

Cc:  William T. Josem, Esquire (*via* email)